IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **PROGRESSIVE CASUALTY INSURANCE COMPANY** | * | |
|     **Plaintiff** | * | |
| v. | * | |
| **UNDERGROUND DISPATCH SERVICES LLC** | * | Case No.: |
| | * | |
|     **Serve on:** <br>     **Steve Bowie** <br>     **202 Deer Valley Drive** <br>     **Frederick, Maryland 21702** | * <br><br> * | |
| And | * | |
| **ANDREW FREEMAN** | * | |
|     **712 Guilford Avenue** <br>     **Hagerstown, Maryland 21740** | * <br> * | |
| And | * | |
| | * | |
| **STEPHANIE BURNS** | * | |
|     **1054 Dual Place** <br>     **Hagerstown, Maryland 21740** | * | |
| And | * | |
| **ENTERPRISE RAC COMPANY OF MARYLAND, LLC** | * <br> * | |
|     **Serve on:** <br>     **The Corporation Trust, Inc.** <br>     **2405 York Road, Suite 201** <br>     **Lutherville Timonium, Md. 21093** | * <br><br> * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Progressive Casualty Insurance Company ("Progressive"), by its undersigned attorneys, Paul M. Finamore, Michael J. Elliker, and Pessin Katz Law, P.A., and in support of its complaint for declaratory relief against Defendants Underground Dispatch Services, LLC ("Underground Dispatch"), Andrew Freeman, Stephanie Burns, and Enterprise RAC Company of Maryland, LLC ("Enterprise") avers as follows:

## I.  INTRODUCTION/NATURE OF ACTION

1. This is an action for declaratory judgment in which Progressive seeks a declaration that it has no duty to defend or indemnify Underground Dispatch or Andrew Freeman under a commercial automobile liability insurance, Policy No. 08270904, Form 6912, Edition 06/10 (the "Policy"), issued to Underground Dispatch, for claims arising from an accident asserted to fall under the Policy by Stephanie Burns.

2. Ms. Burns reported her claim to Progressive on May 28, 2019 (the "Claim").

3. According to Ms. Burns, she was involved in a motor vehicle accident on May 24, 2019 with a 2018 Nissan Altima driven by Andrew Freeman (the "Loss").

4. More specifically, Ms. Burns asserted that Mr. Freeman negligently caused the accident and that he was an insured under the Policy.

5. The Nissan was owned by Enterprise and rented to Mr. Freeman.

## II.  PARTIES

6. Plaintiff Progressive is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland, Ohio and at all relevant times hereto, was duly authorized to issue insurance policies in the State of Maryland.

7. Upon information and belief, Defendant Underground Dispatch is a Limited Liability Company organized under the laws of Maryland, with its principal place of business in Hagerstown, Maryland.

8. Upon information and belief, Defendant Andrew Freeman is a resident of the State of Maryland and resides in Washington County, Maryland.

9. Upon information and belief, Defendant Stephanie Burns is a resident of the State of Maryland and resides in Washington County, Maryland.

10. Upon information and belief, Enterprise is a Limited Liability Company regularly conducting business in the State of Maryland, with its principal office in Wilmington, Delaware.

### III.   JURISDICTION AND VENUE

11. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000) based upon Ms. Burns' allegations of serious injuries, significant property damage, Mr. Freeman's medical bills, and the likely cost of defense if coverage were to exist.

13. Venue is proper pursuant to 28 U.S.C. § 1391, as two of the defendants reside in Maryland, one of the defendants has its principal place of business in Maryland, and the motor vehicle accident giving rise to this action occurred in this district.

### IV.   THE BURNS CLAIM

14. On May 24, 2019, Stephanie Burns was involved in a motor vehicle accident with a 2018 Nissan Altima driven by Andrew Freeman (the "Loss").

15. According to Ms. Burns, she was significantly injured as a result of the Loss.

16. She also alleges that Mr. Freeman negligently caused the accident and that he was an insured under the Policy.

## V. THE ENTERPRISE CLAIM

17. The Nissan driven by Mr. Freeman had a Vehicle Identification Number ("VIN") of 1N4AL3AP7JC145261 and was owned by Enterprise.

18. Mr. Freeman had rented the vehicle from Enterprise.

19. Enterprise may have a claim against Mr. Freeman and Underground Dispatch for damage to its vehicle in the Loss, for which Mr. Freeman and Underground Dispatch may look to Progressive under the Policy for indemnification.

## VI. THE FREEMAN CLAIM

20. On information and belief, Mr. Freeman incurred at least $1414.65 in medical bills arising from the Loss.

21. Mr. Freeman may make a claim under the Policy for Personal Injury Protection coverage for payment.

## VII. PROGRESSIVE'S INSURANCE COVERAGE

22. The Policy, including all of its terms, conditions and exclusions, was issued to Underground Dispatch with effective dates from October 15, 2018 through October 15, 2019. A copy of the Policy is attached as **Exhibit A**.

23. According to the declarations page of the Policy, the named insured was Underground Dispatch Services LLC. The declarations page also listed four "Rated drivers," none of whom were involved in the Loss.

24. The "Auto coverage schedule" on the declarations page listed a single vehicle for the Policy—a 2008 Kia Sedona with VIN: KNDMB22335864248105.

25. The General Definitions of the Policy included:

*5. "Insured auto" or "your insured auto" means:*

   *a. Any **auto** specifically described on the **declarations page**; or*

   *b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:*

      *(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;*

      *(ii) **we** insure all **autos** owned by **you** that are used in **your** business;*

      *(iii) no other insurance policy provides coverage for that **auto**; and*

      *(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.*

. . .

   *c. Any replacement **auto** on the date **you** become the owner if:*

      *(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;*

      *(ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and*

      *(i) no other insurance policy provides coverage for that **auto**.*

. . .

*14. "Temporary substitute auto" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.*

**Exhibit A** at 10, 12.

26. Part I – Liability to Others of the Policy stated:

***INSURING AGREEMENT – LIABILITY TO OTHERS***

5

*Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.*

***We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.*

*ADDITIONAL DEFINITIONS USED IN THIS PART ONLY*

*A. When used in Part I – Liability To Others, **insured** means:*
  *1. **You** with respect to an **insured auto.***
  *2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except [three provisions not applicable to this matter].*
  *3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I – Liability To Others.*

*B. When used in Part I - Liability To Others, **insured auto** also includes:*
  *1. **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;*
  *2. **Mobile equipment** while being carried or towed by an **insured auto**; and*
  *3. Any **temporary substitute auto**.*

**Exhibit A** at 13-14.

27. Part II – Damage to Your Auto of the Policy stated:

*INSURING AGREEMENT – COLLISION COVERAGE*

*Subject to the Limits of Liability, if **you** pay the premium for Collision Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** when it collides with another object or overturns.*

*INSURING AGREEMENT – COMPREHENSIVE COVERAGE*

*Subject to the Limits of Liability, if you **pay** the premium for Comprehensive Coverage, **we** will pay for **loss** to **your insured auto** and its **permanently attached equipment** for any cause other than those covered under Collision Coverage.*

. . .

*ADDITIONAL COVERAGE*

. . .

*2. Coverage for Temporary Substitute Autos*

*If a **temporary substitute auto** is involved in a **loss**, **we** will provide the same coverage and deductible that would have applied to the **insured auto** for which it is a substitute. The most **we** will pay for **loss** to a **temporary substitute auto** is the lesser of the Actual Cash Value at the time of **loss** or the cost of repairing or replacing the damaged or stolen property with like kind and quality, less the applicable deductible.*

**Exhibit A** at 21-22.

28. No premiums for Collision Coverage or Comprehensive Coverage appeared on the declarations page. **Exhibit A** at 2.

29. The Policy included an Endorsement for Personal Injury Protection that stated:

*Subject to the Limits of Liability, if you **pay** the premium for Personal Injury Protection Coverage, **we** will pay reasonable and necessary **covered expenses** incurred because of **bodily injury**:*
    *1. that arises from an **accident**;*
    *2. that is sustained by an **insured**; and*
    *3. that arises out of the ownership, operation, maintenance, or use, including loading or unloading, of a **motor vehicle**.*

**Exhibit A** at 35.

30. Within the "Additional Definitions" portion of the Personal Injury Protection Endorsement, the Policy provided:

*4. "**Insured**" means:*

. . .

    *b. if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person, any person:*
        *i. while operating or using an **insured auto** or a **temporary substitute auto** with **your** express or implied permission;*

7

> ii. while **occupying** an **insured auto** as a guest or passenger; or
> iii. sustaining **bodily injury**, as a pedestrian or while **occupying** a vehicle operated by animal or muscular power, in an **accident** involving an **insured auto**.

**Exhibit A** at 36.

31. Ms. Burns has sought compensation from Progressive under the Policy by asserting that Underground Dispatch and Mr. Freeman are insured under the Policy and are liable to her for the Loss.

32. Additionally, Enterprise may seek compensation for damage to its vehicle that was driven by Mr. Freeman for which Mr. Freeman and Underground Dispatch may seek coverage.

33. Finally, Mr. Freeman, individually, may seek personal injury protection coverage under the Policy for medical expenses he incurred as a result of the Loss.

34. Following a thorough investigation of the Loss, Progressive denied all coverage arising from the Loss for Underground Dispatch and Mr. Freeman because Progressive determined that the Nissan did not fall within the Policy's coverage provisions.

## COUNT I – DECLARATORY JUDGMENT

35. Progressive incorporates its Paragraphs 1 through 34 as if fully set forth herein.

36. There is no coverage for Underground Dispatch or Mr. Freeman under the Policy.

37. The Policy provides coverage to an insured for sums the insured is obligated to pay as damages resulting from the ownership, maintenance or use of an insured auto.

38. The Policy does not provide coverage for a vehicle that is not owned by Underground Dispatch unless the vehicle is a temporary substitute vehicle.

39. In order for a vehicle to be a temporary substitute vehicle, the vehicle must be used as a temporary substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

40. Progressive's investigation found no suggestion that an insured auto under the Policy had been withdrawn from normal service for any reason.

41. Thus, the Nissan that was not owned by Underground Dispatch but that Mr. Freeman drove at the time of the Loss did not meet the definition of a temporary substitute vehicle.

42. Because the Nissan was not owned by Underground Dispatch and did not meet the definition of a temporary substitute vehicle, it was not an insured auto under the Policy.

43. The Policy provides no coverage for Underground Dispatch because Mr. Freeman was not driving an insured auto at the time of the Loss.

44. The Policy provides no coverage to Mr. Freeman because he was not driving an insured auto at the time of the Loss.

45. Pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. §§ 2201-2202, Plaintiffs seek a declaration of the rights and obligations of the parties with respect to the Policy as related to the Loss and to each other.

46. There exist actual controversies of justiciable issues between Plaintiff and Defendants regarding their rights and obligations with respect to the Policy as related to the Loss.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Determine and adjudicate the rights and obligations of the parties with respect to the Policy, the Loss, and each other;

B. Declare that Progressive has no duty to defend, indemnify, or otherwise compensate any of the Defendants under the Policy as related to the Loss.

C. Declare that Progressive's denial of coverage for Underground Dispatch and Mr. Freeman was proper in light of the fact that it had no duty to defend, indemnify, or otherwise compensate any of the Defendants under the Policy as related to the Loss.

D.       Grant such other and further relief as the nature of this cause may require.

>                          Respectfully submitted,
>
>                          /s/ Paul M. Finamore
>                          Paul M. Finamore
>                          Federal Bar No. 05992
>                          Michael J. Elliker
>                          Federal Bar No. 20810
>                          Pessin Katz Law, P.A.
>                          901 Dulaney Valley Road, Suite 500
>                          Towson, Maryland 21204
>                          (410) 938-8800
>                          *pfinamore@pklaw.com*
>                          *melliker@pklaw.com*
>                          ***Attorneys for Plaintiff***
>                          ***Progressive Casualty***
>                          ***Insurance Company***